IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shonn R. McCain, | ) | C/A No. 0:12-2168-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Drew; Food Adm. W. Kinnion; | ) | |
| CO Stremczuc, Food Service Supervisor | ) | |
| for the Quarter is, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Shonn R. McCain, ("Plaintiff"), is a self-represented federal prisoner in the Federal Bureau of Prison's ("BOP's") federal correctional institution, FCI Bennettsville, in Bennettsville, South Carolina. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that the defendants' negligence resulted in Plaintiff suffering a serious burn injury to his right arm on July 1, 2011 while working in Plaintiff's assigned prison job in the food service department of FCI Bennettsville. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

Plaintiff files this civil action against FCI Bennettsville's warden, food administrator, and food service supervisor, alleging that Plaintiff's right arm was seriously burned while Plaintiff was working in the bakery department of the prison's kitchen on July 1, 2011. Plaintiff alleges that another inmate who works in the pots and pans area of the kitchen was transporting a container of 350-degree hot water from the bakery to the washing area

and asked Plaintiff for help in opening the door.  Plaintiff alleges that he slipped as he turned to open the door and, in reaching out to brace himself to keep from falling, Plaintiff was burned by the hot water from his elbow to his fingertips.  Plaintiff alleges that the defendants were negligent in failing to have floor safety mats to prevent him from falling.  Plaintiff also alleges negligence in that the defendants have never provided him or other kitchen workers with any safety orientation, and the defendants authorized the dangerous practice of moving hot water from the bakery to the pots and pans area, when hot water should already have been installed in that area to eliminate the risks involved in transporting large containers of very hot water.  Plaintiff alleges that the defendants' negligence created an unsafe/hazardous environment in the food service department which resulted in Plaintiff's injury.  (See Compl., ECF No. 1 at 3-5.)  Plaintiff alleges that he sought and received medical assistance immediately after the accident, and has received follow-up medical care.  Plaintiff attaches to his Complaint numerous medical reports, a witness statement, an informal resolution attempt, a request for administrative remedy, BOP forms, and a copy of a form for "small claims for property damage or loss" submitted by Plaintiff on September 28, 2011.  Plaintiff alleges that he pursued a grievance (# 664747-F1) on November 8, 2011, and filed Forms BP 8, 9, and 10, receiving a final agency determination on February 28, 2012.  (Id. at 2.)  Plaintiff seeks monetary damages of $500,000 and an order that "the prison administrator at FCI Bennettsville [] comply with all BOP policies pursuant to safety requirement."  (Id. at 6.)  Crucially, Plaintiff makes no allegation in his Complaint that he filed a Federal Torts Claim Act administrative claim form (Form SF-95) prior to filing the instant action, as required under 28 U.S.C. § 2675(a).

## INITIAL REVIEW GENERALLY

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The in forma pauperis statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

*PJG*

## DISCUSSION

Actions to recover damages for negligence from federal officials and agencies are contemplated by the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671 through § 2680.[1] The first step in the FTCA process is an administrative filing:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Under 28 U.S.C. § 2401 the claim must be filed within two years of the occurrence.

The Federal Bureau of Prisons ("BOP") has adopted a Program Statement ("PS") which explains, clearly and in detail, the procedure by which inmates may recover monetary damages for personal injury sustained while in custody. PS 1320.06 ("Federal Tort Claims Act"), Paragraph 7 ("Filing a Claim") describes the procedure for obtaining a Standard Form (SF-95) and filing a claim. Among the items required on the SF-95 is a

---

[1] The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Myers & Myers, Inc. v. U.S. Postal Serv., 527 F.2d 1252, 1256 (2d Cir. 1975); see also 28 C.F.R. § 14.2; the Standard Form 95; 28 U.S.C. § 2401(b) (*a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"*) (emphasis added).



"sum certain" (*i.e.*, a specific amount of money).² BOP PS 1330.13 ("Administrative remedy program") describes the purpose of the BOP's Administrative Remedy Program and explains that there are statutorily mandated procedures in place for tort claims (28 CFR 543, subpart C) and inmate accident compensation claims (28 CFR 301) which do not fall under the Administrative Remedy Program. If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the BOP is to refer the inmate to the appropriate statutorily mandated process.

On July 19, 2011, in McCain v. Drew, et al., C/A No. 0:11-1737-JFA-PJG (D.S.C.), Plaintiff filed an action in this court concerning this same accident and injury. That case was summarily dismissed without prejudice on October 5, 2011 as having been filed prematurely by Plaintiff, prior to his exhaustion of his administrative remedies as required by the FTCA.³ The undersigned issued a Report and Recommendation, which was incorporated by reference in United States District Judge Joseph F. Anderson's Order dismissing the case without prejudice and without issuance and service of process, which specifically referred to the FTCA, 28 U.S.C. § 2671 - 2680, the BOP's Program Statement No. 1320.06 describing how to file a tort claim, and the strict requirement of filing a Form

---

² Punitive damages are not recoverable under the FTCA. See 28 U.S.C. § 2674; In re Air Crash Disaster at Charlotte, N.C. on July 2, 1994, 982 F. Supp. 1101, 1111 (D.S.C. 1997).

³ A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' ").

SF-95, prior to bringing an FTCA action in the district court. (See C/A No. 11-1737, ECF Nos. 9 & 16.)

In the instant Complaint, Plaintiff alleges that he has now "exhausted all in house methods in hopes of seeking relief to this situation, as this honorable court had recommended." (Compl, ECF No. 1 at 5.) Nevertheless, it appears that Plaintiff has still not exhausted his administrative remedies under the FTCA as previously explained by the court. (See ECF Nos. 9 & 16, McCain v. Drew, C/A No. 0:11-1737.)

Because the FTCA is a waiver of sovereign immunity, careful compliance with procedural requirements—such as the filing of the administrative claim—is not only mandatory but is also "jurisdictional and may not be waived." Henderson v. United States, 785 F. 2d 121, 123 (4th Cir. 1986); see also Kielwien v.United States., 540 F. 2d 676, 679 (4th Cir. 1976). Consequently, this court lacks jurisdiction to hear the instant action because Plaintiff has not yet complied with the strict provisions of the FTCA requiring an administrative claim to have been filed with appropriate federal agency *before* the commencement of a civil action in a district court.[4] See 28 C.F.R. § 14.2; SF-95. Because the Complaint clearly shows on its face that Plaintiff has not submitted a Standard Form 95 to the BOP (Regional Counsel, Southeast Regional Office, 3800 Camp Creek Parkway, S. W., Building 2000, Atlanta, Georgia 30331-6226), which was either denied not more than six months prior to the filing of the instant action or was not processed within six months of the filing of the SF-95, this case should be dismissed for failure to exhaust federal administrative remedies.

---

[4] When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court. 28 U.S.C. § 2401(b).



**RECOMMENDATION**

Accordingly, the court recommends that Plaintiff's Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 27, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).