IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shonn R. McCain, | C/A No. 0:12-2168-JFA-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Warden Drew; Food Adm. W. Kinnion; CO Stremczuc, *Food Service Supervisor for the Quarter is*, | |
| Defendants. | |

Plaintiff, Shonn R. McCain, ("Plaintiff"), a self-represented federal prisoner, brings this civil action alleging that the defendants' negligence resulted in Plaintiff's suffering a serious burn injury to his right arm while working in his assigned prison job in the food service department of FCI Bennettsville, on July 1, 2011. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

**BACKGROUND**

Plaintiff filed his Complaint (ECF No. 1) on August 2, 2012, seeking monetary damages from the defendants, who are employees of FCI Bennettsville, for Plaintiff's work-related personal injury claim. The assigned magistrate judge construed Plaintiff's Complaint as an attempt to assert a negligence claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. It appeared that Plaintiff had not completed the

administrative prerequisites to filing suit by first presenting his claim to the appropriate federal agency. See 28 U.S.C. § 2675(a). Therefore, the magistrate judge issued a Report and Recommendation on August 27, 2012, recommending that the Complaint be dismissed without prejudice because Plaintiff had not yet exhausted his administrative remedies under the FTCA. Plaintiff filed no objection to the Report and Recommendation. By Order dated September 18, 2012 (ECF No. 15), United States District Judge Joseph F. Anderson, Jr. adopted the Report and Recommendation and dismissed the Complaint without prejudice. On September 21, 2012, Plaintiff filed a Motion for Reconsideration (ECF No. 18) and submitted evidence that he had in fact presented his claim to the Bureau of Prisons and that the agency had denied his claim on March 20, 2012, prior to the commencement of this action. (See ECF No. 18-1.) By Order dated September 25, 2012 (ECF No. 19), Judge Anderson found that the Complaint should not have been dismissed, granted Plaintiff's motion, and remanded this case to the magistrate judge for further proceedings.

**INITIAL REVIEW GENERALLY**

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Additionally, the Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such



relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal

Page 3 of 10

*PJG*

arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Having once again carefully reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice because Plaintiff's exclusive remedy for this work-related injury claim is to file a claim under the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126 (1988), 28 C.F.R. §§ 301.101-301.319. The IACA provides an accident compensation procedure "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The United States Supreme Court has held that federal prisoners cannot recover under the FTCA for work-related injuries as the IACA provides the exclusive remedy for injuries incurred in work-related incidents. See United States v. Demko, 385 U.S. 149, 152 (1966). A "work related injury" is "defined to include any injury including occupational disease or illness proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). "The cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (per curiam).

The IACA allows for claims for wages actually lost by a federal prisoner while he or she is prevented from doing his or her work assignment due to a work-related injury. See 28 C.F.R. §§ 301.201-301.205. A federal prisoner who suffers a work-related injury and who still suffers a residual physical impairment as a result, can submit a claim for



compensation within 45 days of his or her release date.  If a federal prisoner has fully recovered at the  time of release, however, he or she can make no such claim.  See 28 C.F.R. §§ 301.301-301.319.  Pursuant to 18 U.S.C. § 4126 and 28 C.F.R. § 301.301:

> Compensation may only be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury.  This ordinarily includes only those injuries suffered during the performance of an inmate's regular work assignment.  However, injuries suffered during the performance of voluntary work in the operation or maintenance of the institution, when such work has been approved by staff, may also be compensable.

28 C.F.R. § 301.301(b).

When the IACA applies to a federal prisoner's claim, an FTCA claim against the United States is barred.[1]  Some circuit courts have held that the IACA does not preclude a federal prisoner from bringing an individual capacity federal civil rights claim against a federal prison employee for the employee's alleged deliberate indifference to a serious risk

---

[1] It is well established that FTCA claims may be brought against only the "United States," and not the agencies or employees of the United States.  See, e.g., 28 U.S.C. §§ 2671, 2679(a), (b)(1) (providing that FTCA does not authorize suits against federal agencies, and FTCA remedy is exclusive with respect to injuries caused by federal employees acting within the scope of their employment); Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); Rice v. Nat'l Sec. Council, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001), affirmed, 46 F. App'x 212 (4th Cir. Sept. 24, 2002); see also Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) ("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."); Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) (The "FTCA requires that the named defendant in an FTCA action be the United States and only the United States."); Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.").  In short, the FTCA does not provide a jurisdictional basis for a claim against a federal agency, a federal department, or individual federal employees such as the named defendants in the instant case.

PJG

of harm to the prisoner, which allegedly resulted in a work-related injury to the prisoner.[2] Accordingly, the undersigned has assumed that, in this circuit, the IACA would not preclude such a Bivens claim in the instant case, and has examined whether Plaintiff's Complaint states a Bivens claim.[3]

Plaintiff has not alleged a claim for deliberate indifference to a serious risk of harm or a serious medical need, in violation of his Eighth Amendment rights. Plaintiff has not

---

[2] Circuit courts are divided over whether the IACA precludes a Bivens claim. See Dees v. United States, 2010 U.S. Dist. LEXIS 143364 (E.D.N.C. Oct. 26, 2010). Several district courts in the Fourth Circuit have examined the issue, and concluded that the IACA does not preclude such a claim. See Webb v. Lappin, 2008 WL 4360995, at *4-5 (E.D. Va. Sept. 22, 2008) (collecting cases) (concluding that the Fourth Circuit "will be inclined to allow Bivens suits to proceed in situations where inmates suffer work-related injuries" because "in the unpublished case of United States v. Wright, 59 F.3d 168 [published in full-text format at 1995 U.S. App. LEXIS 15839] 1995 WL 378594, at *6 (4th Cir. June 27, 1995) (table), . . . . the Fourth Circuit noted that . . . . if [a] prisoner [who suffered a work-related injury] believed his medical needs were being ignored, 'he [could] bring an action under the Eighth Amendment for deliberate indifference thereto' "); see also Jenkins v. Fed. Bureau of Prisons, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074 (D.S.C. Sept. 26, 2011); Yorkey v. Pettiford, C/A No. 8:07-1037, 2007 WL 2750068, at *5 (D.S.C. Sept. 20, 2007) (unpublished), aff'd, No. 07-7666, 271 F. App'x 337 (4th Cir. Mar. 31, 2008).

[3] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim brought against a federal official for violation of a plaintiff's constitutional rights is analogous to a claim brought under 42 U.S.C. § 1983 against a state official in his or her personal capacity for violation of a plaintiff's constitutional rights while the defendant was acting under color of state law. Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act "under color of state law." Harlow v. Fitzgerald, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in Bivens actions and vice versa. See Farmer v. Brennan, 511 U.S. 825, 839 (1994); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir. 1988) (abrogated on other grounds by Johnson v. Jones, 515 U.S. 304 (1995), see Winfield v. Bass, 106 F.3d 525, 529 (4th Cir. 1997)). Bivens claims, like § 1983 claims, address violations of constitutional rights by "persons." Under Bivens, "[A] plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).



alleged with any specificity that the defendants intentionally violated any of Plaintiff's constitutional rights or constitutionally protected liberty or property interests.[4] Negligence, in general, is not actionable under 42 U.S.C. § 1983 or Bivens. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987). Because Constitutional protections are not triggered by the "mere failure to take reasonable care," negligent deprivations are not actionable under § 1983/Bivens. Pink, 52 F.3d at 75; see also Daniels, 474 U.S. at 330-31. Deliberate indifference is a very high standard, which requires more than a showing of mere negligence. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Deliberate indifference to a serious risk of harm also requires "more than ordinary lack of due care for the [plaintiff's] interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Farmer v. Brennan, 511 U.S. 825, 835-36 (1994). Based on these precedents, the crucial issue in determining whether a Bivens claim is stated is whether an inmate, who has suffered injury, has alleged that the

---

[4] Plaintiff alleges that his right arm was burned while Plaintiff was working in the bakery department of the prison's kitchen on July 1, 2011. Plaintiff alleges that another inmate who works in the pots and pans area of the kitchen was transporting a container of 350-degree hot water from the bakery to the washing area and asked Plaintiff for help in opening the door. Plaintiff alleges that he slipped as he turned to open the door and, in reaching out to brace himself to keep from falling, Plaintiff was burned by the 350-degree hot water from his elbow to his fingertips. Plaintiff alleges that the defendants were negligent in failing to have floor safety mats to prevent him from falling. Plaintiff also alleges negligence in that the defendants did not provide him or other kitchen workers with any safety orientation prior to his accident, and that the defendants authorized the practice of moving hot water from the bakery to the pots and pans area, when hot water should already have been installed in that area to eliminate the risks involved in transporting large containers of very hot water. Plaintiff alleges that the defendants' negligence created an unsafe/hazardous environment in the food service department, which resulted in Plaintiff's injury. (See ECF No. 1 at 3-5.)

PJG

government official "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." Ruefly, 825 F.2d at 793. Here, as Plaintiff alleges in his Complaint, the defendants' actions, at best, constitute "negligence." (See ECF No. 1 at 3-4.) Consequently, Plaintiff's Complaint fails to state a claim upon which relief may be granted by this court, under the FTCA or Bivens.[5]

 While it appears that Plaintiff exhausted his administrative remedies under the FTCA prior to filing his case in this court , Plaintiff's exhaustion of FTCA administrative remedies is ultimately irrelevant in this case because the FTCA is not applicable to Plaintiff's work-related personal injury claim. Accepting all of Plaintiff's factual allegations as true and according them liberal construction, Plaintiff's claim in this case falls under the IACA, not the FTCA or Bivens.

Plaintiff was informed by the BOP's South Carolina Consolidated Legal Center on March 20, 2012,[6] that Plaintiff's FTCA and/or Bivens claim had been denied, and Plaintiff was advised by the BOP that "the appropriate course for [Plaintiff] to take in making a personal injury claim for a work-related injury, is through the Inmate Accident

---

[5] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

[6] Plaintiff attached a copy of this letter to his Motion for Reconsideration in this case. (See ECF No. 18.) Under Rule 10 of the Federal Rules of Civil Procedure, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); see Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

PJG

Compensation Act." (See ECF No. 18-1 at 3.) Under the IACA, lost wages claims and compensation claims for residual physical impairments are processed through the claimant's Institutional Safety Manager or Community Corrections Manager and an initial determination is made by a Claims Examiner under authority delegated by the Board of Directors of Federal Prison Industries, Inc, pursuant to 28 C.F.R. § 0.99. An inmate who is not satisfied with a Claims Examiner's decision may request an in-person hearing or a reconsideration before the BOP's Inmate Accident Compensation Committee, whose decision can then be appealed to the Chief Operating Officer of Federal Prison Industries, Inc. Final decisions implemented under the IACA are subject to judicial review in the federal district courts under the Administrative Procedures Act, 5 U.S.C. §§ 701, et seq. See Thompson v. Fed. Prison Indus., 492 F.2d 1082, 1084 & n.5 (5th Cir. 1974). In the instant case, Plaintiff does not seek review of a final decision under the IACA, which "provides the exclusive remedy" for inmate workers who are injured on the job. See 28 C.F.R. § 301.303(a).

## RECOMMENDATION

Accordingly, the court recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 22, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).